EDMUND J. BAILEY, plaintiff in error, vs. WILLIAM NEW, administrator, defendant in error.

[1.] A surety being sued, pleaded, that he had required the creditor, to sue the principal, and that the creditor had failed to do so, for three months.

*Held,* That evidence, that the surety was indemnified by the principal, was admissible on this plea, as, such indemnity would be a circumstance tending to show, either, that the surety had never made such a requisition, or, that if he ever had, he had waived it.

[2.] If the surety give notice to the creditor to sue the principal, and then ask the creditor for indulgence, he waives the notice, provided, his request was made before the expiration of three months after the notice, and provided it ·was a request for indulgence to his principal, not to himself.

Debt, in DeKalb Superior Court. Tried before Judge BULL, April Term, 1859.

This was an action by William New, administrator of Samuel H. Pruitt, deceased, against Luke J. Robinson, principal, and John M. Robinson and Edmund J. Bailey, securities. Bailey only was served with process, and appeared and pleaded that he was discharged, by reason of the failure of the holder of the note to sue the principal within three months after he was notified to do so.

The testimony being closed, the Court, amongst other things, charged the jury :

" That if the defendant, after he had required the plaintiff to sue, asked indulgence upon the note from the plaintiff, it was a revocation of the notice; and a waiver of his rights under the notice; that if there existed any legal impossibility for the plaintiff to sue, that is, if the principal was beyond the jurisdiction of the State, then the plaintiff was not bound to obey the notice, and commence his *action within the three months given him by* the statute."
To which charge, counsel for defendant excepted, and alleges error in the same.

The jury returned a verdict for the plaintiff, for six hundred and fifty-seven dollars and thirty cents, with interest,

Whereupon counsel for the defendant moved for a new trial upon the following grounds:

1st. Because the Court erred in allowing the testimony of Asbury W. Jackson, John M. Robinson and others, as to the defendant having in his hands, property to secure him against the payment of the debt sued, to go to the jury.

2d. Because the Court erred in permitting the answer of Asbury W. Jackson, as to whom he understood the conversation between plaintiff and defendant to refer, to be read in evidence.

3d. Because the Court erred in charging the jury, that if the defendant asked indulgence upon the note from the plaintiff, after he had given the notice to sue, it was a revocation of the notice, and a waiver of his rights under the notice.

4th. Because the Court erred in charging the jury, that if the defendant asked indulgence on the note from the plaintiff after the notice was given, it was a waiver of the notice, there being no evidence before the jury that the defendant had ever asked any indulgence from the plaintiff for the principal in the note.

5th. Because the Court erred in charging the jury, that if there was any legal impossibility for the plaintiff to sue; that if the principal was beyond the jurisdiction of the State, then the plaintiff was not bound to commence his action within the three months given by the statute.

6th. Because the verdict was contrary to law.

7th. Because the verdict was contrary to evidence.

8th. Because the verdict was contrary to the weight of evidence.

Which motion was overruled by the Court, and counsel for defendant excepted.

MURPHY & CANDLER, for plaintiff in error.

*By the Court.*—BENNING J. delivering the opinion.

Did the Court below err, in refusing the motion for a new trial, in this case? We think so. We think that one of the grounds of the motion, was good.

[1.] First ground. If the surety is in no danger, there is no reason why he should require the creditor to sue the principal; and if there is no reason why he should require the creditor to sue him, that is a circumstance tending, more or less, to show, that an allegation of his that he did require the creditor to sue him, is not true; or, to show, that he has waived the requisition, if he ever made it. Therefore, anything showing that the surety was in no danger, is admissible as evidence on the question whether he did or he did not require the creditor to sue the principal. The surety is in no danger, when he has in his hands, property of his principal, sufficient to pay the debt. Therefore, evidence of that fact, is admissible against him, when he pleads, to a suit brought against him or the debt, that he required the creditor to sue the principal, and the creditor failed to do so, for three months afterwards.

There is nothing then, we think, in the first ground.

Second ground. As to this ground, we prefer merely to say, that we do not deem it good.

Third ground. This was, we think, a good ground.

If the surety gives the creditor notice to sue the principal, and the creditor neglects to sue the principal for three months, the surety is "no longer liable," so says the statute. *Pr. Dig.* 471. If after a discharge, under this notice, the surety asks indulgence for the principal, that is no waiver of his notice. The notice has had its effect. And, in the present case, it was a question on the evidence, whether the request for indulgence, was not made after the expiration of three months from the notice to sue.

Again, if the surety, after having given the notice, asks indulgence for *himself*, not for his principal, that is no

waiver of his notice to sue the principal. And here, it was open to question, whether the indulgence asked for, by Bailey, the surety, was not indulgence for himself, rather than indulgence for his principal.

We think, then, that the Court's charge, rather than what it was, should have been this, namely:

[2.] That "if the defendant, the surety, asked indulgence, from the plaintiff, after he had given the notice to sue, it was a waiver or revocation of the notice;" provided the time at which he asked the indulgence was before the expiration of the three months; and provided the indulgence was asked, not for himself, but for his principal.

Fifth ground. We doubt whether the evidence authorized the charge constituting this ground. But, as it is rather uncertain what the evidence on the point was, we say no more on that ground.

It is not necessary to decide or notice, the remaining grounds.

Judgment reversed, and new trial granted on the third ground.